UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAIS FERNANDEZ HAIRE,

Plaintiff,

v. Case No. 25-CV-2041

TONYA WESNER,

Defendant.

---

**ORDER**

---

Plaintiff Trais Fernandez Haire is currently incarcerated at Waupun Correctional Institution and representing himself in this 42 U.S.C. § 1983 action. He is proceeding on an Eighth Amendment deliberate indifference claim against Defendant Tonya Wesner based on allegations that Defendant failed to provide proper medical treatment for his abdominal pain and refused to send him to a specialist. The discovery deadline is November 5, 2026, and the dispositive motion deadline is December 7, 2026.

Plaintiff has filed two motions to compel requesting that the Court order Defendant to respond to his discovery requests. (ECF Nos. 23 & 33.) On September 15, 2026, Defendant filed a motion to dismiss or, in the alternative, to compel and to extend the dispositive motion deadline. (ECF No. 25.) Plaintiff has not responded to Defendant's motion, and the time to do so has passed.

According to Defendant, on June 16, 2026, Defendant mailed a letter to Plaintiff requesting Plaintiff sign a medical authorization allowing Defendant to obtain his medical records. On August 20, 2026, having not received the signed medical authorization, Defendant sent Plaintiff a second letter requesting his signature to obtain the records. On September 2, 2026, Defendant

called Plaintiff to ask for the status of his signature on the medical authorization. Plaintiff indicated that he already sent the authorization but would sign another medical release if it was hand-delivered to him by the litigation coordinator. However, Plaintiff refused to sign the medical release upon hand delivery. The next day, Defendant mailed Plaintiff another letter to obtain his medical authorization. To date, Defendant has not received a signed medical authorization from Plaintiff.

By alleging Defendant was deliberately indifferent to his serious medical needs, Plaintiff has placed his medical health condition at issue. He is therefore obligated to allow Defendant access to his medical records if he intends to pursue his claims. Plaintiff shall therefore execute a written authorization granting Defendant access to his medical records. Although the Court will not dismiss this action based on Plaintiff's failure to submit a signed medical authorization at this time, failure to submit a signed medical authorization form to Defendant's attorney by November 16, 2026, will result in the Court dismissing this case as a sanction for Plaintiff's failure to participate in discovery and to comply with the Court's orders. *See* Fed. R. Civ. P. 37(b)(2).

Plaintiff has filed two motions to compel requesting that the Court order Defendant to respond to his discovery requests. In his discovery demands, Plaintiff requests his medical records as well as Defendant's responses to questions regarding Plaintiff's medical care. Because Plaintiff has not yet provided Defendant with his signed medical authorization, she is unable to respond to Plaintiff's discovery requests. Accordingly, the Court will deny Plaintiff's motions to compel.

Defendant has also requested an extension of the dispositive motion deadline. The Court finds good cause to extend the dispositive motion deadline to January 19, 2027.

One final issue warrants comment. Plaintiff has filed two proposed preliminary injunction orders with the Court. (ECF Nos. 29 & 31.) Plaintiff did not file a motion requesting preliminary

injunctive relief with those proposed orders. To avoid confusion, the Court will strike the proposed orders from the docket.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to compel (ECF Nos. 23 & 33) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss or, in the alternative, to compel (ECF No. 25) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendant's request that the case be dismissed is denied. Defendant's request to compel Plaintiff to produce his signed medical release is granted. Plaintiff shall execute a written authorization granting Defendant access to his medical records by **November 16, 2026**. Failure to submit a signed medical authorization form to Defendant's attorney by the deadline will result in dismissal of this case.

**IT IS FURTHER ORDERED** that Defendant's motion to reset the dispositive motion deadline (ECF No. 25) is **GRANTED**. The dispositive motion deadline is extended to **January 19, 2027**.

**IT IS FURTHER ORDERED** that Plaintiff's proposed orders (ECF Nos. 29 & 31) are **STRICKEN**.

Dated at Green Bay, Wisconsin on November 2, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge